IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR L. JOHNSON, JR., individually and on behalf of all others similarly situated, and derivatively on behalf of TOWER BANCORP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAMUEL, CHARLES PEARSON, CLIFFORD DEBAPTISTE, JEFFREY LEHMAN, KENNETH LEHMAN, EDWARD LEO, MICHAEL PECK, WILLIAM POMMERENING, ROBERT POOLE, TERRY RANDALL, HASU SHAH, KLARE SUNDERLAND and TOWER BANCORP, INC.,<br><br>Defendants. | No. 1:11-CV-01777-SHR<br><br>Judge Rambo<br><br>FILED<br>HARRISBURG, PA<br>JUN 1 2 2012<br>MARY E. D'ANDREA, CLERK<br>Per ______<br>Deputy Clerk |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING THE CLASS, AND APPROVING THE FORM AND MANNER OF NOTICE**

WHEREAS, the Parties having made application for an order approving the settlement of the above-captioned Action in accordance with a Stipulation and Agreement of Settlement executed on March 9, 2012 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Actions (which includes the above-captioned action and *Bushansky, Derivatively on Behalf of Tower Bancorp, Inc. v. Samuel, et al.*, No. 2011-cv-06519-EQ, pending in the Court of Common Pleas of Dauphin County) and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a mandatory non-opt out class consisting of all persons or entities who held Tower common stock at any time from and including June 20, 2011 (the date that the proposed Merger was publicly announced) to and including February 17, 2012, the date of the consummation of the Merger, either of record or beneficially, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiffs, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of the Director Defendants' immediate families.

2. With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs Bushansky and Johnson are typical of the claims of the Settlement Class; (d) Plaintiffs Bushansky and Johnson and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; (e) the prosecution of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the parties opposing the Settlement Class; and (f) Defendants are alleged to have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

3. The Court also preliminarily finds, in accordance with Rule 23.1 of the Federal Rules of Civil Procedure, that Plaintiffs Bushansky and Johnson and their counsel fairly and adequately represent the interests of shareholders in enforcing the rights of Tower.

4. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of the Settlement Class, subject to further consideration at the Settlement Hearing described below.

5. A hearing (the "Settlement Hearing") shall be held before this Court on Aug. 21, 2012, at 1:30 p.m., in Courtroom 3, Federal Building and U.S. Courthouse, 228 Walnut Street, Harrisburg, PA, to determine whether the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interest of the Settlement Class and should be approved by the Court; and whether the Judgment

substantially in the form of Exhibit C attached to the Stipulation should be entered herein. The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

6. The Court approves, as to form and content, the Notice of Pendency of Class and Derivative Actions, Proposed Settlement of Class and Derivative Actions, Settlement Hearing, and Right to Appear (the "Notice") annexed as Exhibit B-1 hereto, and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 7 of this Order meets the requirements of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Counsel for the Parties are hereby ordered to cooperate to supervise and administer the notice procedure as more fully set forth below.

(a) Not later than twenty days following the entry of this Order, Tower or its successor(s) shall mail or cause the Notice to be mailed to all persons of record who held Tower common stock at any time between June 20, 2011, the date that the Merger was publicly announced, up to and including the earlier of either the date of this Order or the effective date of the consummation of the Merger, as set forth in the books and records maintained by or on behalf of Tower, at their respective addresses set forth in such records. All record holders in the Settlement Class who are not also the beneficial owners of the shares of Tower's common stock held by them of record are requested to forward the Notice to the beneficial owners of those shares. Defendants shall use reasonable efforts to give notice to beneficial owners of Tower stock by making

additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to beneficial owners; and

(b) At least fourteen days prior to the Settlement Hearing, Tower or its successor(s) shall file with the Court an appropriate affidavit or declaration with respect to the preparation, mailing, and distribution of the Notice.

8. All members of the Settlement Class shall be bound by all determinations and judgments in the Actions concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9. Any Settlement Class member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

10. Unless and until the Settlement is canceled and terminated pursuant to ¶ 8.1 of the Stipulation, neither Plaintiffs nor any member of the Settlement Class, either directly, representatively, derivatively or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Settled Claims.

11. No person shall be entitled to object to the proposed Settlement, to the Final Judgment to be entered in the Actions, to any award of attorneys' fees, costs and expenses, or to otherwise be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner and by the date required by the Notice. Any person so objecting must also provide a statement establishing membership in the Settlement Class. Any Settlement Class member who fails to object in the manner and by the date required shall be deemed to have waived any objection and shall be forever barred from raising such objections in

the Actions or any other action or proceeding involving claims or allegations made in the Actions. Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

12. The Parties shall file all papers, including memoranda or briefs in support of the Settlement and responses to objections, if any, no later than seven (7) calendar days prior to the Settlement Hearing.

13. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

DATED: June 12, 2012

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge