IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR L. JOHNSON, JR., individually and on behalf of all others similarly situated, and derivatively on behalf of TOWER BANCORP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAMUEL, CHARLES PEARSON, CLIFFORD DEBAPTISTE, JEFFREY LEHMAN, KENNETH LEHMAN, EDWARD LEO, MICHAEL PECK, WILLIAM POMMERENING, ROBERT POOLE, TERRY RANDALL, HASU SHAH, KLARE SUNDERLAND and TOWER BANCORP, INC., <br><br> Defendants. | No. 1:11-CV-01777-SHR <br><br> Judge Rambo |

**ORDER AND FINAL JUDGMENT**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement, Certifying the Class, and Approving the Form and Manner of Notice ("Preliminary Approval Order") of this Court, dated June 12, 2012, on the application of the Parties for approval of the settlement of the Actions as set forth in the Stipulation and Agreement of Settlement executed on March 9, 2012 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all members of the Settlement Class.

3.  The mailing of the Notice of Pendency of Class and Derivative Actions, Proposed Settlement of Class and Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") pursuant to and in the manner prescribed in the Preliminary Approval Order, which was mailed by first class mail on July 2, 2012, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rules 23 and 23.1 of the Federal Rules of Civil Procedure, the requirements of due process and applicable law.  It is further determined that all Settlement Class members are bound by this Judgment.

4. The Court finds that this Captioned Action is a proper class action pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure and hereby certifies the Settlement Class as consisting of:

> all persons or entities who held Tower common stock at any time from and including June 20, 2011 (the date that the proposed Merger was publicly announced) to and including February 17, 2012 (the date of the consummation of the Merger), either of record or beneficially, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and specifically including Plaintiffs, but excluding Defendants, their subsidiary companies, affiliates, assigns, and members of the Director Defendants' immediate families.

5. Specifically, the Court finds that the Settlement Class satisfies the numerosity requirement of Rules 23(a) of the Federal Rule of Civil Procedure. As of February 17, 2012, there were over 12.01 million shares of stock of Tower issued and outstanding held by more than one thousand shareholders that comprise the Settlement Class. There are common issues of fact and law, including whether the disclosures made by Tower in connection with the Merger were adequate, whether the Defendants breached any alleged fiduciary duties to the Settlement Class members, whether the other Defendants aided and abetted alleged breach of fiduciary duties, and whether the Plaintiffs and Settlement Class members were injured as a consequence of any of Defendants' alleged actions. The Court also finds that Plaintiffs Bushansky and Johnson and their respective counsel fairly and adequately represent the Settlement Class, lack any conflicts of interest, and have adequate financial resources to assure that the interests of the Settlement Class will not be harmed. The prosecution of separate actions by or against Settlement Class members would create a risk of inconsistent adjudications with respect to Settlement Class members, which would confront the Defendants with incompatible standards of conduct, and, as a practical matter, adjudications with respect to individual members of the Settlement Class

would be dispositive of the interests of other Settlement Class members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Given the complexities of the issues in the Action, as well as the expenses of litigation, the separate claims of individual Settlement Class members are insufficient in amount to support separate actions.  The Court has also considered the possible recoveries by individual Settlement Class members in relation to the expense and effort of administering the Action as class actions.  The Defendants have acted, or refused to act, on grounds generally applicable to the Settlement Class, thereby making final equitable or declaratory relief appropriate with respect to the Settlement Class.  Moreover, there is no other pending litigation by or against the Settlement Class members involving any of the same issues.  Finally, this forum is appropriate for the Action, and resolution, of the claims of the entire Settlement Class.

6. The Court also finds, in accordance with Rule 23.1 of the Federal Rules of Civil Procedure, that Plaintiffs Bushansky and Johnson and their counsel fairly and adequately represent the interests of shareholders in enforcing the rights of Tower.

7. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to each of the Parties, and the Parties are hereby directed to perform its terms.

8. Upon the Effective Date, Plaintiffs and members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Settled Claims against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, Plaintiffs, Plaintiffs' Counsel, and members of the Settlement Class, from all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Actions or the Settled Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

10. The Court permanently bars and enjoins Plaintiffs and all members of the Settlement Class (and their predecessors, successors, and assigns) from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution or instigation of any action asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

11. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Notice given to the Settlement Class, including the individual Notice mailed to all members of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said Notice fully satisfied the requirements of due process and Rules 23 and 23.1 of the Federal Rules of Civil Procedure.

13. The Court, having considered the nature of the Actions and the results obtained on behalf of the Class, hereby approves the sum of $332,500.00 for Plaintiffs' attorneys' fees and expenses. Tower or its successor and/or their insurers shall transfer payment in accordance with the terms, and subject to the conditions, of ¶ 5.1 of the Stipulation and this Court's Fee Order.

14. Neither the Memorandum of Understanding executed on September 28, 2011 ("MOU"), the Stipulation, or this Judgment, nor any of the terms and provisions of the MOU, the Stipulation, or this Judgment, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein of therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith, shall in these Actions: (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or any wrongful conduct, acts or omission on the part of any of the Released Persons, or of any infirmity of any defense, or of any damage to any Plaintiff or Settlement Class member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in these Actions, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person or entity; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether before this Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has res judicata, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Judgment.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     The effectiveness of the provisions of this Judgment and the obligations of Plaintiffs and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Plaintiffs' attorneys' fees and expenses.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

SO ORDERED.

DATED:  August 22        , 2012              s/Sylvia H. Rambo
                                                           Sylvia H. Rambo
                                                           United States District Judge